# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. GONZALEZ,<br><br>      Petitioner,<br><br>  v.<br><br>M. BITER, Warden at Kern Valley State Prison,<br><br>      Respondent. | Case No. 1:14-cv-01043-LJO-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PETITION FOR FAILURE TO STATE A CLAIM |

## SCREENING ORDER

Petitioner, a state prisoner serving a sentence of life without possibility of parole at Kern Valley State Prison, proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the petition in the Northern District of California on April 30, 2014, contending that his sentence violated the Rule Against Perpetuities. Reasoning that the claim concerned the execution of Petitioner's sentence rather than the validity of the sentence itself, the Northern District transferred the petition to the Eastern District of California. Although the Court disagrees with the Northern District's interpretation of the proper venue for this petition, in the interest of justice and to avoid further delay in resolving Petitioner's fanciful claims, the Court screens the petition and recommends that it be dismissed.

///

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

On February 14, 1990, the Alameda County Superior Court sentenced Petitioner to a term of life without possibility of parole following a murder conviction with associated aggravating factors.  Characterizing his sentence as a contract, Petitioner contends the Rule Against Perpetuities precludes his continued incarceration.

California has adopted the Uniform Statutory Rule Against Perpetuities.  Cal. Prob. Code §§ 21200 *et seq*.  The uniform law supersedes the common law rule against perpetuities.  Cal. Prob. Code §§ 21201.  The statutory rule provides that a nonvested property interest is invalid unless (1) when the interest is created, it is certain to vest or terminate no more than twenty-one years after the death of an individual then alive, or (2) the interest either vests or terminates within ninety years after its creation.  Cal. Prob. Code §§ 21205.  Because a criminal sentence is neither a nonvested property right nor a contract creating a nonvested property right, the rule against perpetuities has no application to Petitioner's sentence of life without possibility of parole.

Even if it were possible to force a criminal sentence into the definition of a nonvested property right, a sentence of life without possibility of parole would not violate the rule's time constraints.  Since the sentence will terminate upon the death of the prisoner, who was a life in being at the time of sentencing, it cannot exceed the time limit of a life in being plus twenty-one years.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, the undersigned recommends that the petition in this case be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the Hon. Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections within the specified time, he may waive the right to appeal the District Court's order.  *Martinez v.Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 30, 2014**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE