# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. GONZALEZ,<br><br>    Petitioner,<br><br>  v.<br><br>M. BITER, Warden at Kern Valley State Prison,<br><br>    Respondent. | Case No. 1:14-cv-01043-SMS HC<br><br>ORDER DISMISSING PETITION FOR FAILURE TO STATE A CLAIM AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>Doc. 12 |

On April 30, 2014, Petitioner, a state prisoner serving a sentence of life without possibility of parole at Kern Valley State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that his sentence violated the Rule Against Perpetuities. In findings and recommendations filed July 31, 2014, the Magistrate Judge explained why the Rule Against Perpetuities does not apply to Petitioner's sentence and recommended that the petition be dismissed.

The Clerk of Court served Petitioner with the findings and recommendations, which provided that Petitioner could object within thirty days. On August 28, 2014, Petitioner filed objections restating his argument and explaining that the Magistrate Judge misunderstood the application of the Rule Against Perpetuities to his sentence.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has reviewed applicable law and the record as a whole, including the petition for writ of habeas corpus, the

1

findings and recommendations, and Petitioner's objections.  Following careful review, the Court finds Petitioner's reliance on the Rule Against Perpetuities to be misplaced.  The findings and recommendations are supported by the factual record and proper legal analysis.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>        (A)  the final order in a habeas corpus proceeding in which the detention
>            complained of arises out of process issued by a State court; or
>
>        (B)  the final order in a proceeding under section 2255.
>
>     (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

2

further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

Accordingly, the Court hereby ADOPTS IN FULL the findings and recommendations filed July 31, 2014 (Doc. 12) and ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 15, 2014**            /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

3